IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 19 2024
ARTHUR JOHNSTON
BY _____ DEPUTY

UNITED STATES OF AMERICA

v.

JOHNATHAN KEITH CRUMLEY

CRIMINAL NO. 1:24cr135TBM-RPM

18 U.S.C. § 1349
18 U.S.C. § 1028A
18 U.S.C. § 1709

**The Grand Jury charges:**

## COUNT 1

That beginning on or about April 11, 2024, and continuing through May 2024, in Harrison County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **JOHNATHAN KEITH CRUMLEY**, did knowingly conspire with one or more persons known and unknown to the Grand Jury, to devise and execute a scheme and artifice to obtain funds under the custody or control of one or more financial institutions, including Kessler Federal Credit Union, the deposits of which were then insured by the National Credit Union Association (NCUA), by means of materially false and fraudulent pretenses and representations, to wit, the defendant would knowingly and intentionally use one or more counterfeit checks that he knew were fraudulently made, to be drawn on one or more bank accounts to unlawfully deprive said NCUA insured institution(s) of funds belonging to said institution(s), in violation of Title 18, United States Code, Section 1344.

### Overt Acts

In furtherance of the conspiracy and to accomplish the object of the conspiracy, **JOHNATHAN KEITH CRUMLEY** and his Co-Conspirators, committed overt acts, in the Southern District of Mississippi, and elsewhere, including, but not limited to, the following:

A. On or about April 11, 2024, **JOHNATHAN KEITH CRUMLEY**, deposited a counterfeit check for $9,980.45 into a Keesler Federal Credit Union account owned by D.F. On or about April 15, 2024, D.F. withdrew $3,942.31 from this account – direct

proceeds of the fraudulent check.

B. On or about April 15, 2024, **JOHNATHAN KEITH CRUMLEY**, deposited a counterfeit check for $9,900 into a Keesler Federal Credit Union account owned by D.B. On or about April 16, 2024, $1,000 was withdrawn from this account. On or about April 17, 2024, this account was used to make several purchases. D.B. withdrew $1,000 from this account on or about April 17, 2024.

C. On or about April 15, 2024, **JOHNATHAN KEITH CRUMLEY**, deposited a counterfeit check for $9,980 into a Keesler Federal Credit Union account owned by E.B. On or about April 21, 2024, $1,000 was withdrawn from this account – direct proceeds of the fraudulent check.

D. On or about April 24, 2024, **JOHNATHAN KEITH CRUMLEY**, deposited a counterfeit check for $9,993.98 into a Keesler Federal Credit Union account owned by R.O. On or about May 1, 2024, **JOHNATHAN KEITH CRUMLEY** withdrew $1,000 from this account – direct proceeds of the fraudulent check. On or about May 1, 2024, R.O. withdrew $8,000 from this account – direct proceeds of the fraudulent check.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2

That on or about April 11, 2024, in Harrison County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **JOHNATHAN KEITH CRUMLEY**, did knowingly use, without lawful authority, the means of identification of another person, to wit, the name and other identifier of victim "M.D." during and in relation to bank fraud in violation of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Section 1028A.

## COUNT 3

That on or about January 9, 2021, in Hinds County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, **JOHNATHAN KEITH**

**CRUMLEY**, being an employee of the United States Postal Service, did wrongfully embezzle a package containing a check that was intended to be conveyed by mail, which had been entrusted to him and which had come into his possession, in violation of Title 18, United States Code, Section 1709.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 28, United States Code, Section 2461; and Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2).

_for_ TODD W. GEE
United States Attorney

A TRUE BILL:

s/signature redacted
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this, the 19th day of November 2024.

UNITED STATES MAGISTRATE JUDGE

3